## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDY KOPFF, et al.,

    Plaintiffs,

        v.

THOMAS ROTH,

    Defendant.

Civil Action No.  05-798 (JDB)

## ORDER

Plaintiffs filed this action on April 20, 2005, against defendant Thomas Roth and fifteen other individual and corporate defendants alleging that defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.A. § 227 (2001 & Supp. 2007), and the District of Columbia Consumer Protection and Procedures Act ("CPPA"), D.C. Code §§ 28-3901 to -3913 (2001), by sending a number of unsolicited faxes to plaintiffs' work and/or home fax machines. Roth is the only defendant remaining in this action.[1] The Clerk of the Court filed an entry of default against Roth on August 4, 2005. Plaintiffs moved on January 15, 2007, for judgment by default under Federal Rule of Civil Procedure 55(b)(2), and the Court held a damages hearing on March 13, 2007. As of this date, Roth has not responded to the motion or otherwise made an

---

[1] On March 29, 2006, the Court dismissed claims against three other defendants for want of personal jurisdiction and against another ten defendants for lack of prosecution. That same day the Court granted in part and denied in part a motion to dismiss by defendant Robert Battaglia; the remaining claims against Battaglia were dismissed by stipulation of the parties on December 19, 2006. The Court additionally granted an unopposed motion to dismiss defendant Matthew Buecler on August 3, 2006.

appearance in this case.

Plaintiffs request statutory damages, injunctive relief, and prejudgment interest under both the TCPA and the DCPPA.  They also request attorney's fees and costs pursuant to the DCPPA. The Court will grant in part and deny in part plaintiffs' motion for default judgment and award $60,000 in statutory damages under the TCPA.

## I.    TCPA

Subject to certain exceptions not relevant here, the TCPA prohibits "any person within the United States, or any person outside the United States if the recipient is within the United States" from "us[ing] any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  § 227(b)(1)(C).  The TCPA provides a private right of action for violations of this prohibition.[2]  See § 227(b)(3).  A person or entity may bring an action seeking both an injunction and damages in the amount of the "actual monetary loss from such a violation, or . . . $500 in damages for each such violation, whichever is greater."  Id.  "If the court finds that the defendant willfully or knowingly violated" the statute, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available" under the monetary damages provision.  Id.

Plaintiffs allege that Roth, the Chief Financial Officer of Fax.com, Inc., sent, caused to have sent, or aided and abetted the sending of a number of unsolicited faxes to plaintiffs Judy Kopff, John Hoffman, and Guatemala Human Rights Commission/USA ("GHRC").  Compl. ¶¶ 4, 19.  These faxes were allegedly transmitted as part of a large-scale operation involving a number

_____

[2]Although the statute specifies that the action may be brought in state court, § 227(b)(3), a federal court may hear a TCPA claim when subject-matter jurisdiction is premised on diversity of the parties, as is the case here.  See Kopff v. Battaglia, 425 F. Supp. 2d 76, 79 n.1 (D.D.C. 2006).

of companies allegedly created by Roth and others, id. ¶ 31, and using a sophisticated "Faxcaster"
network of computers and other equipment that automatically created a database of fax numbers
and sent unsolicited faxes to those numbers, id. ¶¶ 24, 25, 33.  Furthermore, plaintiffs assert that
Roth was "fully aware" that unsolicited faxes were being sent by companies he had conspired to
create.  Id. ¶ 32.  All three plaintiffs (the two individual plaintiffs and a representative of GHRC)
testified at the March 13, 2007, damages hearing as to the number of unsolicited faxes that they
received.  Copies of the faxes were also submitted into evidence.  See Pls.' Ex. 1-3.  Together, this
evidence demonstrates that Kopff received ninety-five unsolicited transmissions at her home fax
number in 2003 and 2004, Hoffman received a total of twenty-one transmissions at his home and
office fax numbers in 2003 and 2004,[3] and GHRC received four transmissions in 2001.

Accordingly, the Court finds that Roth is responsible for the willful transmission of a total
of 120 unsolicited facsimiles received by plaintiffs.  The actual monetary loss from these
transmissions was negligible.  Accordingly, plaintiffs are entitled to statutory damages in the
amount of $500 per transmission, for a total of $60,000.  § 227(b)(3)(B).  The Court declines,
however, to award discretionary treble damages as requested by plaintiffs or to otherwise increase
the amount of the award.  Although the violations are willful, no additional award against Roth is
warranted to serve the purposes of the TCPA.  Plaintiffs also request prejudgment interest.
"[W]hether pre-judgment interest is to be awarded is subject to the discretion of the court and

---

[3]Hoffman was the owner of two sole proprietorships that shared (with a third, corporate
entity) the fax number to which fourteen of these faxes were sent.  Because "federal courts apply
substantive state law to determine which persons or entities may bring TCPA claims in federal
court," US Fax Law Ctr., Inc. v. iHire, Inc., 476 F.3d 1112, 1118 (10th Cir. 2007), and the District
of Columbia makes no legal distinction between the identity of a sole proprietorship and its
owner, see Pritchett v. Stillwell, 604 A.2d 886, 889 (D.C. 1992), Hoffman has standing to assert a
TCPA claim for these fourteen faxes.

equitable considerations.  The purpose of such awards is to compensate the plaintiff for any delay in payment resulting from the litigation."  Oldham v. Korean Air Lines Co., 127 F.3d 43, 54 (D.C. Cir. 1997) (citation and quotation marks omitted, alteration in original).  Prejudgment interest is not appropriate in this case, which involves a statutory damages remedy that far exceeds actual damages and is fundamentally punitive in nature.  See, e.g., Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, 955 F.2d 831, 834 (2d Cir. 1992) ("Awards of prejudgment interest must not result in over-compensation of the plaintiff.  Accordingly, the [Supreme] Court has suggested disapproval of such awards where the statute itself fixes damages deemed fully compensatory as a matter of law.  Similarly, prejudgment interest should not be awarded if the statutory obligation on which interest is sought is punitive in nature." (citations omitted)).

Plaintiffs also seek an injunction against Roth prohibiting him from sending any future unsolicited faxes to plaintiffs or others, or from violating any other provision of the TCPA.  See Compl. ¶ 81.  Although the TCPA allows for injunctive relief, the Court does not believe that such relief is warranted.  The record in this action is silent with respect to any actions taken by Roth after 2004.  In other words, plaintiffs have not alleged or proffered into evidence anything that would indicate to this Court that Roth has continued to violate the TCPA.  If Roth does violate the TCPA in the future, he would, of course, potentially be subject to additional, independent legal action.

## II.    CPPA

Plaintiffs allege that Roth committed unfair trade practices in violation of the CPPA by causing the transmission of the above-mentioned unsolicited faxes.  The CPPA "regulates

transactions between consumers and merchants in the District of Columbia." <u>Kopff</u>, 425 F. Supp. 2d at 93.  This Court has previously held, however, that plaintiffs' CPPA claims against defendant Battaglia failed as a matter of law because "there is no consumer-merchant relationship within the meaning of the statute." <u>Id.</u> at 93; <u>see also</u> <u>Adler v. Vision Lab Telecomms. Inc.</u>, 393 F. Supp. 2d 35, 39-40 (D.D.C. 2005).  The same result obtains with respect to the CPPA claim against Roth, which is premised upon the same factual allegations as the claims against Battaglia.  <u>See generally</u> 10A Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 2688, at 63 (3d ed. 1998) ("Even after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action . . . .").  Hence, plaintiffs' request for statutory damages, injunctive relief, attorney's fees and costs, and prejudgment interest under the CPPA is denied.

Accordingly, upon consideration of [38] plaintiffs' motion for default judgment, and the entire record herein, it is hereby

**ORDERED** that the motion for default judgment is **GRANTED IN PART AND DENIED IN PART**.

A separate default judgment accompanies this order.

_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge


Dated:   June 15, 2007